**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  11-20319-JPM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARVELL ANTONIO CULP, | ) | |
| | ) | |
| Defendant. | ) | |

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL POSITION**
**WITH RESPECT TO SENTENCING FACTORS**

---

Comes now the United States Attorney for the Western District of Tennessee and his duly authorized Assistant, Debra L. Ireland, and files this, its response to defendant's supplemental position with respect to sentencing factors, and would respectfully show this Court the following:

CHRONOLOGY

Defendant Marvell Culp entered into a plea agreement under Rule 11 (c)(1)(C), pleading guilty to sex trafficking by force, fraud, or coercion, Count 2 of the indictment in the above-styled and numbered cause, on September 11, 2012.  RE-80, Order on Change of Plea; RE-81, Plea Agreement; RE-119, Change of Plea Hearing, Sept. 11, 2012, PageID 768, 786.   Defendant sought to withdraw his guilty plea many months later.  RE-113, Letter from Marvell Culp, Aug. 5, 2013; RE-115, Minute Entry, Aug. 9, 2013; RE-125, Motion to Withdraw Guilty Plea, Sept. 18, 2013.

1

After a hearing, this Court found defendant's plea to have been entered knowingly and voluntarily, and denied defendant's motion to withdraw his plea. RE-135, Hearing Minutes, Jan. 16, 2014; RE-138, Order Denying Motion to Withdraw Plea of Guilty, Feb. 4, 2014. Sentencing was set for March 18, 2014.

On the eve of sentencing, defendant filed a supplemental position with respect to sentencing factors, in which he 1) objected to all facts contained in the presentence report that relate to the offense conduct; 2) sought leave to present additional evidence regarding the offense conduct at sentencing; and 3) asked the Court to reject his plea agreement.

The motion should be denied because Culp appears to be trying to accomplish through this motion what has already been denied by this Court: withdrawal of his plea of guilty.

## I.    <u>Presentation of additional evidence would be cumulative and irrelevant.</u>

Mr. Culp has already admitted his guilt. RE-119, Transcript, Change of Plea Hearing, Sept. 11, 2012, PageID 768; RE-120, Transcript, Sentencing Hearing, PageID 822, 824; RE-143, Transcript, Motion Hearing, PageID 1221; 12225. He has also admitted that the government could prove each of the facts necessary to support his plea to sex trafficking by force. RE-119, PageID 777, 785-86. This Court found a factual basis for acceptance of the plea, set forth in detail in the order denying Culp's motion to withdraw his plea. RE-138, PageID 946-48. Nothing more is required.

At the change-of-plea hearing, Culp specifically did not admit to any relevant

conduct set forth during the basis in fact. *Id.* Because the government, as already stated, does not intend to present additional evidence at sentencing, if Culp disagrees with tangential facts or relevant conduct as stated in the presentence report, he does not need to provide evidence to refute them. *See* RE-120, PageID 820. Instead, he can simply ask that the Court not consider the objected-to material in imposing its sentence.

Therefore, there is no need to consider additional evidence in this matter; the motion should be denied.


II.    **The plea agreement is appropriate and should be accepted.**

Defendant Culp entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which permits him to withdraw his plea of guilty if the Court rejects the terms of the agreement. Culp's agreement calls for a sentence of 180 months. This is the statutory minimum, and below Culp's advisory recommended guideline sentencing range as currently calculated. *See* Presentence Report (PSR), Worksheets A, C, and D.

Because it is not possible for Culp to get a lower sentence than the agreed-upon statutory minimum, this Court can surmise that obtaining a shorter term of confinement is not Culp's goal. Instead, it appears he may be trying to manipulate the judicial process to obtain what this Court has already denied: withdrawal of his guilty plea.

Culp argues, in part, that this Court should reject the plea agreement because the agreed-upon term of 180 months is below the recommended guideline range of 324-405 months, as set forth in the Presentence Report (PSR) as revised on March 6, 2014.

3

RE-144, Supplemental Position of Defendant with Regard to Sentencing Factors, PageID 1253; PSR, Worksheet D. In so doing, Culp presumes the Court will accept the guideline calculations as they presently stand.

In the most recently revised PSR, Mr. Culp does not receive a reduction for acceptance of responsibility. There is also an enhancement applied for restraining the victim of the offense. The government avers however, that acceptance of responsibility can be granted and the restraint enhancement does not apply. If this Court agrees, the resulting guideline range would be 188-235 months.

According to section 3A1.3 of the United States Sentencing Commission Guidelines Manual (USSG) a two-point enhancement applies when a victim was physically restrained during commission of the offense. USSG § 3A1.3. "Physical restraint" is defined as "the forcible restraint of the victim, such as by being tied, bound, or locked up." *Id.*, cmt. n. 1; USSG § 1B1.1, cmt n. 1 (K). In the instant case, the government alleged, and the defendant admitted to, use of force and violence to cause the victim to engage in commercial sex acts. This climate of fear creates a virtual restraint, but does not equate to "restraint" as intended by the Guidelines.

In using force to commit sex trafficking, Culp did create an environment of coercion by subjecting the victim to at least one beating and other violent acts. In addition, there were veiled threats of continued physical violence if the victim did not do as instructed. But Guideline provision 3A1.3 is generally applied in situations involving physical restraint. *See e.g. United States v. Smith-Hodges*, 527 Fed. App'x. 354 (6th Cir. 2013) (applying enhancement when defendant made robbery victim lie down on the sidewalk at

4

gunpoint, warning him to stay down or be shot); *United States v. Gray*, 692 F.3d 514 (6th Cir. 2012) (applying enhancement where corrections officer injured an inmate by placing him in a sleeper hold and denying him medical attention). So in Mr. Culp's case, the two-point enhancement under USSG § 3A1.3 does not appear to be warranted.

Next, this Court may deduct two points from the guideline calculation for acceptance of responsibility. USSG 3E1.1. Failure to admit to relevant conduct is not generally grounds for denying the reduction. USSG § 3E1.1, cmt. n. 1(A). The responsibility credit does not usually apply when the defendant has put the government to its burden of proof at trial, but there can be exceptions. *Id*. at n. 2. Mr. Culp has admitted his conduct relevant to the count of conviction. Although Culp has attempted to withdraw his plea, his argument frequently centers on "the minor" named in count one of the indictment, and how he did not do what he is accused of doing with her. *See e.g.* RE-120, PageID 827-28; RE-137-1, Letter of Jan. 19, 2014, PageID 930-32; RE-143, PageID 1190-91. Because Culp's objections seem primarily focused on relevant conduct, Culp may still be granted Culp a reduction under 3E1.1.

Finally, Mr. Culp did receive an enhancement for attempting to obstruct justice by asking another person to prevent a witness from testifying before a grand jury. USSG §§3C1.1. PSR, para. 31; PSR Worksheet A. While it is true that a downward adjustment for acceptance of responsibility and an enhancement for obstructing justice are not ordinarily applicable in a single case, there may be extraordinary exceptions. *United States v. Verduzco*, -- Fed. App'x. --, 2014 WL 903415 at *3 (6th Cir. 2014); USSG § 3E1.1(a) and cmt. n. 3, 4. This may be such a case, due to the passage of time

between the attempt to interfere with the investigation and Culp's entry of a plea. The conduct for which the obstruction enhancement applies occurred shortly after the defendant was arrested in 2011, prior to indictment and before the grand jury had heard any evidence. In fact, the defendant even admitted to the conduct during a motion to suppress. Transcript, Suppression Hearing, Apr. 9, 2012, page 87. Since that time, the defendant has admitted to conduct that supports a conviction and entered a plea of guilty. Culp is not being asked to admit to all relevant conduct, so his continued denial of involvement with a minor is not necessarily a failure to accept responsibility.

As set forth in the PSR, defendant Culp's adjusted offense level is 40 and his Criminal History Category is II. If this Court grants acceptance of responsibility credit, the government will move for the third point. So, without the two-point enhancement for restraint of the victim and with the three-point credit for responsibility, the adjusted offense level is 35, and Mr. Culp's recommended guideline range will be 188 to 235 months.

## CONCLUSION

For the foregoing reasons, defendant's request to present additional evidence should be denied, and the plea agreement as negotiated should be accepted.

WHEREFORE, PREMISES CONSIDERED, the United States asks this Court to deny defendant's motion, accept the negotiated plea agreement, and proceed to sentencing.

Respectfully submitted,
EDWARD L. STANTON III
United States Attorney


By:    /s/ Debra L. Ireland
       Assistant United States Attorney


## CERTIFICATE OF SERVICE


I, Debra L. Ireland, Assistant United States Attorney, do hereby certify that a copy of the foregoing Motion was forwarded by electronic means, via the Courts Electronic Filing System, to Jeffrey Woods, Esq., Attorney for Defendant, P.O. Box 11231, Memphis, Tennessee, 38111.

This    14th    Day of    April    2014.

       /s/   Debra L. Ireland
       Assistant United States Attorney